# Federal Defenders
## OF NEW YORK, INC.

*David E. Patton*
Executive Director
and Attorney-in-Chief

---

**APPLICATION DENIED:**
(1) Although the Court declines to "expedite" consideration of the pending 2255 motion, the Court is in the process of considering the motion, and will decide it in due course as soon as reasonably possible.
(2) Although the Court may have "inherent authority" to release Mr. Savoca on bail pending a decision on the motion, such release is not warranted here, based on the current record and the nature and circumstances of defendant's crimes.
SO ORDERED:

Vincent L. Briccetti, U.S.D.J.
4/27/20

---

**By ECF**

Honorable Vincent L. Briccetti
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas St.
White Plains, New York 10601-4150

Re:   *United States v. Lawrence Savoca*, 03 Cr. 841 (VB)
      *Lawrence Savoca v. United States*, 16 Cv. 4465 (VB)

Dear Judge Briccetti:

I respectfully request that the Court expedite its consideration of Lawrence Savoca's pending § 2255 motion or, alternatively, release him on bail until the motion is resolved. The government takes no position on expedited consideration, but opposes bail.

I seek expedited consideration for two principal reasons. First, Savoca has been in prison since his arrest in 2003; he has served about 17 years in custody (before calculating "good time" credit)—more than the 15-year mandatory minimum prison term required by the Armed Career Criminal Act ("ACCA"). Thus, if the Court were to grant Savoca's § 2255 motion, even in part, he would be eligible to be resentenced to time served and released immediately. And there are compelling grounds to grant resentencing: as we have previously argued, Savoca is no longer subject to the ACCA's mandatory minimum 15-year prison term in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Further, though district courts in this Circuit are divided on the subject, several have held that Attempted Hobbs Act Robbery does not qualify as a § 924(c) "crime of violence" in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). *See, e.g., United States v. Culbert*, 2020 WL 1849692 (E.D.N.Y. Apr. 13, 2020); *United States v. Pica*, No. 8-Cr.-559(CBA) (Dkt. 378) (E.D.N.Y. Mar. 17, 2020); *United States v. Cheese*, 2020 WL 705217 (E.D.N.Y. Feb. 12, 2020) (notice of appeal filed Mar. 12, 2020); *Lofton v. United States*, 2020 WL 362348 (W.D.N.Y. Jan. 22, 2020); *United States v. Tucker*, 2020 WL 93951 (E.D.N.Y. Jan. 8, 2020). If this Court accepts that view, Savoca's

1

§ 924(c) conviction and accompanying 10-year mandatory minimum consecutive sentence would also have to be vacated.

The second ground for expedited consideration concerns the ongoing COVID-19 pandemic. Savoca is currently incarcerated at FCI Ray Brook, where five inmates and six BOP staff members have already tested positive for the highly contagious and potentially deadly COVID-19 virus. *See* https://www.bop.gov/coronavirus/ (last accessed Apr. 22, 2020). As Judge Furman recently noted:

> The country faces unprecedented challenges from the novel Coronavirus ("COVID-19") pandemic. Those detained in jails and prisons face particularly grave danger. Realistically, the best—perhaps the only—way to mitigate the damage and reduce the death toll is to decrease the jail and prison population by releasing as many people as possible.

*United States v. Nkanga*, No. 18 Cr. 713 (JMF) (S.D.N.Y. Mar. 31, 2020), ECF No. 87 at 1.

Moreover, Savoca's medical records, which I have reviewed, confirm that he suffers from asthma, for which he must take medication (albuterol). His condition, and his status as an inmate at an infected facility, make him especially vulnerable to the health risks posed by the pandemic. *See, e.g., People Who Are At Higher Risk*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (noting that "older adults and people of any age who have serious underlying medical conditions might be at higher risk for severe illness from COVID-19" and that particularly vulnerable populations include people with "moderate to severe asthma") (last accessed Apr. 22, 2020); *People with Moderate to Severe Asthma*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html ("People with moderate to severe asthma may be at higher risk of getting very sick from COVID-19. COVID-19 can affect your respiratory tract (nose, throat, lungs), cause an asthma attack, and possibly lead to pneumonia and acute respiratory disease.") (last accessed Apr. 22, 2020). Accordingly, I request that the Court resolve Savoca's § 2255 motion as soon as possible.

Alternatively, if the Court declines to expedite (perhaps because it wishes to await a definitive Second Circuit ruling on whether Attempted Hobbs Act Robbery qualifies as a § 924(c) "crime of violence"), I request that Savoca be released on bail pending resolution of his § 2255 motion. *See, e.g., Mapp v. Reno*, 241 F.3d 221, 224-26 (2d Cir. 2001) ("Today we reaffirm these cases and hold, once again, that the federal courts have inherent authority to admit to bail individuals properly within their jurisdiction."); *Acosta v. United States*, No. 03 Cr. 11 (MAT), 2019 WL 4140943, at *9 (W.D.N.Y. Sept. 2,

2019) (releasing defendant on bail pending resentencing on § 2255 motion). While the standard for obtaining release pending resolution of a §2255 motion is high, it is not insurmountable. *See United States v. Nkanga*, 2020 WL 1695417, at *3 (S.D.N.Y. Apr. 7, 2020) (granting bail on consent pending § 2255 motion, citing, *inter alia*, the COVID-19 pandemic). Here, the strength of Savoca's § 2255 motion, the extraordinary dangers posed to him by the ongoing pandemic, and the possibility that, without bail, he may end up serving unnecessary time in custody, warrant his immediate release on bail. *See id.* If granted bail, Savoca is prepared to live with his ex-wife in the New York City area, subject to home confinement, electronic monitoring, and any other conditions the Court deems appropriate.

    Thank you for your attention.

                               Respectfully submitted,

                               /s/
                             Edward S. Zas
                                Assistant Federal Defender
                                (212) 417-8748

Cc: Celia V. Cohen, Esq. (by ECF)